**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 10th day of June, 2014.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

JOHN VON BERNRITTER and                         Case No. 13-22505-7
SUZANNE ELIZABETH BERNRITTER,
    Debtors.

_____

BARBARA J. BERNRITTER,
    Plaintiff,

    v.                                                                  Adv. No. 13-6115

JOHN VON BERNRITTER,
    Defendant.

_____

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Debtor/Defendant John Von Bernritter's motion to dismiss[1] the adversary complaint filed against him by Plaintiff Barbara J. Bernritter. The adversary complaint seeks the denial of discharge of a $140,547.64 debt to Plaintiff under

---

[1] Doc. 9.

2014.06.10 Bernritter 523a15 MTD.wpd

11 U.S.C. § 523(a)(15),[2] which excepts from an individual's chapter 7 discharge any debt to a former spouse that is not a "domestic support obligation"[3] and "that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the allegations made fail to support a § 523(a)(15) claim because they do not connect the debt owed to the parties' separation agreement. Plaintiff Barbara J. Bernritter appears by her attorney, Alan B. Gallas of Gallas & Schultz, Kansas City, Missouri; Debtor/Defendant John Von Bernritter appears by his attorney, Neil S. Sader of The Sader Law Firm, LLC, Kansas City, Missouri.

The Court finds that Plaintiff's complaint states a legally cognizable claim under § 523(a)(15), and the Court therefore denies Defendant's motion to dismiss.

**I.     Background and Findings of Fact**

The following allegations are made in Plaintiff's complaint or in the attachments incorporated thereto. Plaintiff and Defendant were previously married, but dissolved their marriage on August 1, 1994, in the Circuit Court of Jackson County, Missouri. As part of the proceeding to dissolve their marriage, Plaintiff and Defendant entered into a separation agreement and a "general real estate partnership" agreement. Through these documents, the assets of Plaintiff and Defendant were divided, and part of the real estate owned by the parties was placed into a partnership. The partnership was to be managed by Defendant and was to continue until all partnership assets were liquidated. Upon sale of the partnership assets, the net proceeds were to be distributed equally between Plaintiff and Defendant.

Years later, on October 27, 2000, Defendant executed and delivered a promissory note to Plaintiff in the amount of $90,555. This amount represented Plaintiff's equitable interest in the

---

[2] All future statutory references are to title 11 of the United States Code, unless otherwise specified.

[3] See § 101(14A) for the definition of a "domestic support obligation."

2014.06.10 Bernritter 523a15 MTD.wpd

real estate transferred to the partnership at the time the parties' marriage was dissolved. Debtor made sporadic payments on the promissory note over the years, and on June 18, 2009, Plaintiff filed suit in Platte County, Missouri, against Defendant, seeking to collect the money owed on the note. Shortly thereafter, on November 6, 2009, judgment was entered against Defendant in favor of Plaintiff for $140,547.64 plus interest, costs, and attorneys' fees.

John Bernritter filed a chapter 7 bankruptcy petition on September 24, 2013. Plaintiff then filed her adversary complaint, claiming the obligation owed to her by Defendant should be excepted from discharge under § 523(a)(15). Plaintiff's complaint then alleges: "The obligation owed to [Plaintiff] was incurred by [Defendant] in the course of or in connection with a 'divorce or separation agreement.'" Plaintiff also seeks attorneys' fees incurred by her in relation to this proceeding.

**II.  Analysis**

    **A.  Legal Standard for Assessing Motion to Dismiss**

An adversary proceeding to determine the dischargeability of particular debts is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court may exercise subject matter jurisdiction.[4]

Defendant's motion to dismiss is filed under Federal Rule of Civil Procedure 12(b)(6), which permits a motion for "failure to state a claim upon which relief can be granted."[5] The requirements for a legally sufficient claim stem from Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] To survive a motion to dismiss, a complaint must present factual allegations that, when assumed to be true, "raise a right

---

[4] 28 U.S.C. § 157(b)(1) and § 1334(b).

[5] Rule 12 is made applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7012(b).

[6] Rule 8 is made applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7008(a).

to relief above the speculative level."[7] The complaint must contain "enough facts to state a claim to relief that is plausible on its face."[8] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[9]

The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[10] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[11] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[12]

### B. Legal Sufficiency of Plaintiff's § 523(a)(15) Claim

"One of Congress's overarching themes in enacting BAPCPA was to redefine and reinforce the ability of non-debtor former spouses to recover both support and property settlement obligations from debtors in bankruptcy."[13] To that end, under § 523(a), an individual debtor filing a Chapter 7 bankruptcy is not discharged from any debt:

> (5) for a domestic support obligation; [or]
>
> . . .
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Id.* at 570.

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (italics in original).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[12] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[13] *Wodark v. Wodark (In re Wodark)*, 425 B.R. 834, 838 (B.A.P. 10th Cir. 2010).

> course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

Plaintiff's claim under § 523(a)(15) alleges a debt to a former spouse that was incurred by Defendant "in connection with a separation agreement." Creditors, like Plaintiff, bear the burden of proof by a preponderance of evidence with respect to dischargeability actions.[14] Although most § 523(a) exceptions to discharge are strictly construed in favor of the debtor,[15] "exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523."[16]

To state a claim under § 523(a)(15), a plaintiff must allege sufficient facts that could show that the debt in question is: (1) to a "former spouse;" (2) is not (a)(5) support; and (3) is incurred "in connection with a separation agreement, divorce decree or other order of a court of record."[17] Defendant does not dispute that the facts alleged support the first and second prongs of a § 523(a)(15) claim;[18] he only argues that the allegations made in Plaintiff's complaint are insufficient to tie the debt owed to Plaintiff on the promissory note to the parties' separation agreement.

In response to Defendant's motion to dismiss, Plaintiff cites *Kush v. Kush (In re Kush)*[19] in support of her claim. In the *Kush* bankruptcy case, the husband and wife divorced and the

---

[14] *Grogan v. Garner*, 498 U.S. 279, 283, 291 (1991).

[15] *Mantooth v. Jones (In re Jones)*, 9 F.3d 878, 880 (10th Cir. 1993).

[16] *Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 427 (B.A.P. 10th Cir. 2012). The *Taylor* BAP decision was appealed to the Tenth Circuit where the Tenth Circuit also affirmed the bankruptcy court's determination that the debt at issue was a § 523(a)(15) obligation. *See Taylor v. Taylor (In re Taylor)*, 737 F.3d 670 (10th Cir. 2013).

[17] *See Taylor*, 478 B.R. at 427-28 (listing elements) (internal quotation marks omitted).

[18] As a result, this Court will likewise not address the "former spouse" and "not (a)(5) support" portions of the claim.

[19] Adversary Case No. 06-225, Bankruptcy Case No. 05-24972, 2006 WL 3096681 (Bankr. D. Ariz. Oct. 30, 2006).

- 5 -

2014.06.10 Bernritter 523a15 MTD.wpd

parties' divorce decree awarded the marital home to the ex-wife and all property related to the ex-husband's landscaping business to the ex-husband.[20] The decree also required each party to be responsible for the taxes on all property awarded to that party in the divorce decree.[21] The ex-husband/debtor owed old taxes stemming from his landscaping business, and when he failed to pay the taxes, the IRS issued notices of intent to levy on the ex-wife's home.[22] The parties then co-signed a second lien on the home in order for the ex-husband to pay the tax debt, and the ex-husband agreed to solely make the second mortgage payments.[23] Eventually, because the ex-wife sought to refinance her home, the parties executed a promissory note for the ex-husband to pay the ex-wife for the payment of the second lien.[24] After the ex-husband filed bankruptcy, the ex-wife sought to have the debt on the promissory note determined nondischargeable under § 523(a)(15).[25] The bankruptcy court determined that the debt on the promissory note was incurred in connection with the parties' divorce and was nondischargeable.[26] The court reasoned that although the original obligation arose from the indemnification for the payment of income taxes and was transformed into an obligation to make payments on the promissory note, the ex-wife was "clearly able to trace the obligation."[27] The bankruptcy court found that the "essential nature of the obligation" remained the same and that it arose out of the divorce decree.[28] Thus,

---

[20] *Id.* at *1.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at *2.

[25] *Id.* at *1.

[26] *Id.* at *3.

[27] *Id.* at *4.

[28] *Id.*

- 6 -
2014.06.10 Bernritter 523a15 MTD.wpd

Case 13-06115    Doc# 12    Filed 06/10/14    Page 6 of 9

because the original obligation would be nondischargeable, so would the obligation on the promissory note.[29]

Here, the facts are similar. The parties set up the general real estate partnership as a method of distributing their jointly-held property at the time of the divorce. The general real estate partnership agreement is incorporated into the parties' separation agreement. Essentially, the complaint alleges that the partnership agreement was executed to effectuate the divorce property settlement. The parties' subsequent promissory note was connected to Defendant John Bernritter's partnership obligations; Defendant was the managing partner and was to divide the net sale proceeds of the partnership assets with Plaintiff. The parties' promissory note indicates a subsequent, different arrangement was made, but the arrangement is still one that grew out of the partnership agreement, which itself grew out of the settlement agreement. The character of the underlying debt remains.

The Tenth Circuit has indicated its willingness to hold a former spouse liable for marital debt that has changed in form. In *Robinson v. Robinson (In re Robinson)*,[30] the parties' divorce proceeding required the ex-husband to pay the second mortgage on the house awarded to the ex-wife.[31] The ex-wife later refinanced her home, but asserted in the ex-husband's bankruptcy proceeding that the ex-husband's debt on the second mortgage was nondischargeable.[32] The Tenth Circuit concluded that the ex-wife's act of refinancing the debt did not extinguish the ex-

---

[29] *Id. See also Archer v. Warner*, 538 U.S. 314, 320 (2003) (concluding that reducing a fraud claim to a settlement does not change the nature of the debt for dischargeability purposes); *Burrell-Richardson v. Mass. Bd. of Higher Educ. (In re Burrell-Richardson)*, 356 B.R. 797, 804 (B.A.P. 1st Cir. 2006) (concluding that a debt did not lose its characteristic as a student loan obligation when the debt was reduced to a judgment); *Moraes v. Adams (In re Adams)*, 761 F.2d 1422, 1427 (9th Cir. 1985) (addressing dischargeability of punitive damages under § 523(a)(6) and concluding that "the exception to discharge turns upon the nature of the act which gave rise to the liability rather than upon the nature of the liability").

[30] 921 F.2d 252 (10th Cir. 1990).

[31] *Id.* at 253.

[32] *Id.*

- 7 -

2014.06.10 Bernritter 523a15 MTD.wpd

Case 13-06115 Doc# 12 Filed 06/10/14 Page 7 of 9

husband's obligation to pay the debt and affirmed the district court's decision that the debt was nondischargeable.[33] The facts of *Robinson* are similar to the facts at hand—the allegations here show that the parties' actions transformed the debt from the form originally envisioned in the marital settlement agreement and the partnership agreement, but did not extinguish Defendant's obligation to pay and did not alter the nature of the debt.

Although the determination of whether a particular debt is dischargeable is a question of federal law,[34] the federal courts are reluctant to interfere in family law matters.[35] Ultimately, Plaintiff's complaint alleges sufficient facts to state a claim under the § 523(a)(15) exception to discharge, a statutory directive that is construed more liberally than other provisions of § 523.[36] Although the facts of this complaint will ultimately be resolved via an evidentiary hearing where the specific dynamics will be ascertained, Plaintiff's complaint states a sufficiently viable claim to survive dismissal. Defendant's motion to dismiss Plaintiff's complaint is denied.

### III. Conclusion

For the reasons set forth above, the Court finds that Plaintiff's complaint states a legally cognizable claim under § 523(a)(15), and Defendant's motion to dismiss is denied.

**It is, therefore, by the Court ordered** that Defendant's motion to dismiss is DENIED, as stated more fully herein.

IT IS SO ORDERED.

---

[33] *Id.*

[34] *See Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 721 (10th Cir. 1993) (stating that nondischargeability under § 523(a)(5) "is a question of federal law").

[35] *See Wise v. Bravo*, 666 F.2d 1328, 1332 (10th Cir. 1981) (noting that the substantive law of domestic relations "is one uniquely within the province of the respective states").

[36] *Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 427 (B.A.P. 10th Cir. 2012). Also, the § 523(a)(5) exception to discharge for domestic support obligations is not construed strictly in favor of the debtor. *See* 4 COLLIER ON BANKRUPTCY ¶ 523.05, at 523-1 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013); *Mantooth v. Jones (In re Jones)*, 9 F.3d 878, 880 (10th Cir. 1993).

2014.06.10 Bernritter 523a15 MTD.wpd

Case 13-06115    Doc# 12    Filed 06/10/14    Page 8 of 9

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

2014.06.10 Bernritter 523a15 MTD.wpd